# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **WALTER D. WILLS, III,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Shelby Chancery No. 98510 |
| | ) | |
| **vs.** | ) | |
| | ) | Appeal No. 02A01-9607-CH-00150 |
| **RAY B. GILL, III,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

FILED

**November 14, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE

## THE HONORABLE D. J. ALISSANDRATOS, CHANCELLOR

For the Plaintiff/Appellant:             For the Defendant/Appellee:

Mark D. Griffin                          James W. Surprise
Memphis, Tennessee                       Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

**OPINION**

This is an arbitration case. The appellant argues that the arbitrator's award should have been vacated because it was handed down long after the time period for rendering a decision set forth in the arbitration agreement. Because this issue was not raised before the trial court, we affirm.

On November 4, 1986, Appellant Walter D. Wills, III ("Wills") and Appellee Ray B. Gill, III ("Gill") signed an arbitration agreement in an attempt to settle a dispute involving, among other things, payments allegedly due on a promissory note. Over three years later, on April 16, 1990, the matter had not gone to arbitration, and Wills filed suit in Chancery Court for payment on the promissory note and for interest due him. In the alternative, Wills petitioned the court to enforce the arbitration agreement. Wills later filed a motion to compel arbitration, and the trial court issued an order the following month compelling the parties to arbitrate their dispute according to the terms of the arbitration agreement. The arbitration agreement provided that the arbitrator would "after hearing the issues between the parties . . . deliver an award to the parties on or before fifteen (15) days after hearing the issues, which award shall be final and binding on the parties hereto."

Hearings were held before the arbitrator on November 3 and November 24, 1992. Considerable time passed, but the arbitrator failed to file his report. On several occasions Wills' attorney communicated to the arbitrator that he was concerned with the length of time it was taking to file the report.

Over two years after the hearings before the arbitrator, on April 28, 1995, the Clerk and Master of the Chancery Court sent a letter to the parties noting that there had been no prosecution of the case for over twelve months and setting a hearing for the parties to show cause why the matter should not be dismissed. Wills' attorney, James Clay, III ("Clay"), filed an affidavit in which he states that he notified the arbitrator of the hearing and that the arbitrator assured him the report would be filed within thirty days. Clay reported this to the trial court, and the case was not dismissed. However, the arbitrator did not file the report as promised.

Clay then arranged a status conference with the arbitrator, which Gill did not attend. At the conference, the arbitrator promised the report by September 30, 1995. Again, the report was not filed by that date.

Finally, Clay sought advice from the Clerk and Master of the Chancery Court. The Clerk and Master called the arbitrator and reported back that the arbitrator's findings would be filed by the end of the week. Two days later, the arbitrator filed his report, which found for Gill on all issues.

Gill filed a motion with the trial court seeking entry of judgment based on the arbitrator's report. Wills filed a motion to vacate the award, as well as a supporting legal memorandum. The motion cited Tennessee Code Annotated § 29-5-313 as the basis for vacating the award.[1] In the memorandum, Wills recounted the lengthy delays in the case and his repeated attempts to get the arbitrator to issue his report. Wills argued that the arbitrator's report was clearly biased against him as a result of the pressure he put on the arbitrator. At no point in the proceedings before the trial court, either before or after issuance of the arbitrator's report, did Wills assert that the award should be vacated because it was filed beyond the fifteen-day period provided for in the arbitration agreement. Rather, he alleged that it should be vacated because of the arbitrator's bias. The trial court confirmed the arbitrator's award. From this decision Wills now appeals. On appeal, Wills argues that, under Tennessee Code Annotated § 29-5-111(a),[2] the arbitrator's award should have been vacated because it was made after the time period designated in the arbitration agreement.

After a careful inspection of the record, we find that Wills never argued to the trial court that the arbitrator's award should be vacated because it was rendered beyond the contractual time limits set forth in the arbitration agreement. In the memorandum supporting Wills' motion to vacate, he indeed cited numerous examples of the arbitrator's delays and his attempts to get the arbitrator to act. But these instances were discussed in the context of Wills' attempt to show the trial court that the arbitrator was biased against him, that the report reflected that bias, and that the award should be vacated because of that bias. The issue of the arbitrator's alleged bias is separate from the issue

---

[1]The statute relied on in the motion provides, in pertinent part:

> (a) Upon application of a party, the court shall vacate an award where:
>
> * * *
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; . . . .

Tenn. Code Ann. § 29-5-313(a)(2) (Supp. 1997).

[2]The statute provides:

> (a) If the time within which the award is to be made is fixed in the submission, no award made after that time shall have any legal effect, unless made upon a recommitment by the court; the court or parties by consent in writing may, however, enlarge the time within which an award is to be made.

Tenn. Code Ann. § 29-5-111(a) (1980).

now urged by Wills on appeal.

We must note that Tennessee Code Annotated § 29-5-309 provides that "[a] party waives the objection that an award was not made within the time required unless the party notifies the arbitrators of such objection prior to the delivery of the award to the party." Tenn. Code Ann. § 29-5-309(b) (Supp. 1997). It is undisputed that, prior to issuance of the arbitrator's report, Wills did not contend to the trial court that the award should be vacated as untimely. After reviewing the record, we must also conclude that this argument was also not raised to the trial court after issuance of the report, and therefore cannot be considered on appeal. *See Civil Serv. Merit Bd. v. Burson*, 816 S.W.2d 725, 735 (Tenn. 1991) ("There is no indication in the record that the issue was ever argued before the trial court. It has, therefore, been waived."); *Smithwick v. Young*, 623 S.W.2d 284, 293 (Tenn. App. 1981) ("This issue was first raised on appeal and as such was waived. . . . To hold otherwise would encourage trial and/or appeal by ambush."). We need not address the issue of whether Tennessee Code Annotated § 29-5-309 would preclude Wills from raising the issue after issuance of the arbitrator's award.

The decision of the trial court is affirmed. Costs are assessed against Appellant, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**

_____
**DAVID R. FARMER, J.**